UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW ARNOLD,

                              Plaintiff,

       -against-                       Case No. 09-cv-5576 (DC) (THK)

1199 SEIU,

                              Defendant.
------------------------------------------------------------------X

**<u>DEFENDANT UNION'S MEMORANDUM OF LAW IN SUPPORT OF ITS
HYBRID MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) AND
MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56</u>**

                                                     Levy Ratner, P.C.
                                                     80 Eighth Avenue Floor 8
                                                     New York, NY 10011-5126
                                                     (212) 627-8100
                                                     (212) 627-8182 (fax)

On the Brief:
    Richard Dorn

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 1

INTRODUCTION ................................................................................................................ 1

FACTS .................................................................................................................................. 2

ARGUMENT ........................................................................................................................ 3

POINT I.
THE COMPLAINT SHOULD BE DISMISSED AS IT IS BARRED BY THE APPLICABLE STATUE OF LIMITATIONS ............................................................................................... 3

POINT II.
THE COMPLAINT MUST BE DISMISSED AS THE PLAINTIFF HAS FAILED TO EXHAUST INTERNAL UNION REMEDIES ................................................................... 7

CONCLUSION ................................................................................................................... 10

# TABLE OF AUTHORITIES

*Adkins v. International Union of Electric, Radio & Machine Workers*,
    769 F.2d 330 (6th Cir. 1985) ..................................................................................6

*Arnold v. Air Midwest, Inc.*,
    100 F.3d 857 (10th Cir. 1996) .............................................................................5, 6

*Battle v. Clark Equip. Co.*,
    579 F.2d 1338 (7th Cir. 1978) ................................................................................8

*Clayton v. Automobile Workers*,
    451 U.S. 679 (1981) ............................................................................................7, 9

*Cohen v. Flushing Hospital and Medical Ctr.*,
    68 F.3d 64 (2d Cir. 1995) ........................................................................................4

*DelCostello v. Teamsters*,
    462 U.S. 151 (1983) .......................................................................................3, 4, 5

*Eatz v. DME Unit of Local Union Number 3*,
    794 F.2d 29 (2d Cir. 1986) ..................................................................................4, 6

*Engelhardt v. Consolidated Rail Corp.*,
    756 F.2d 1368 (2d Cir. 1985) ..................................................................................4

*Erkins v. United Steelworkers*,
    723 F.2d 837 (11th Cir.) cert. denied, 467 U.S. 1243, 104 S.Ct. 3517, 82 L.Ed.2d
    825 (1984) ...........................................................................................................4, 6

*Hayes v. Brotherhood of Railway and Airline Clerks*,
    727 F.2d 1383, reh'q denied, 734 F.2d 219 (5th Cir. 1984), cert. denied, 469 U.S.
    935 (1984) ................................................................................................................9

*Johnson v. General Motors*,
    641 F.2d 1075 (2d Cir. 1981) ..................................................................................8

*Johnson v. Graphic Communications*,
    930 F.2d 1178 (7th Cir.), cert. denied sub nom. Padget v. Graphic
    Communications, 502 U.S. 862 (1991) ...................................................................5

*King v. New York Telephone Co.*,
    785 F.2d 31 (2d Cir. 1980) ..................................................................................3, 4

*Landry v. Air Line Pilots Association Intern. AFL-CIO,*
   901 F.2d 404 (5th Cir. 1990) ..................................................................................5

*Miller v. General Motors Corp.,*
   675 F.2d 146 (7th Cir. 1982) ..................................................................................9

*Newgent v. Modine Manufacturing Co.,*
   495 F.2d 919 (7th Cir. 1974) ..................................................................................8

*Paperworkers Local 395 v. ITT Rayonier,*
   931 F.2d 832 (11th Cir. 1991) ................................................................................5

*Peterson v. Kennedy,*
   771 F.2d 1244 (9th Cir. 1985), cert. denied, 475 U.S. 1122, 106 S.Ct. 1642, 90
   L.Ed.2d 187 (1986) ................................................................................................6

*Pruitt v. Carpenters Local 225,*
   893 F.2d 1216 (11th Cir. 1990) ..............................................................................5

*Pulliam v. Automobile Workers,*
   354 F. Supp. 2d 868 (W.D. Wisc. 2005) ................................................................4

*Richardson v. United Steelworkers of America,*
   864 F.2d 1162 (5th Cir. 1989), cert. denied, 495 U.S. 946, 110 S.Ct. 2204, 109
   L.Ed.2d 531 (1990) ................................................................................................6

*Rucker v. St. Louis Southwestern Railway,*
   917 F.2d 1233 (10th Cir. 1990) ..............................................................................5

*Santos v. District Council of New York,*
   619 F.2d 963 (2d Cir. 1990) ...................................................................................4

*Smith v. Masters, Mates & Pilots,*
   296 F.3d 380 (5th Cir. 2002), cert. denied, 123 S.Ct. 691 (2002) .........................4

*Tomney v. Int'l Ctr. for the Disabled,*
   357 F.Supp.2d 721, 735 (S.D.N.Y. 2005) ..............................................................3

*Varra v. Dillon Companies, Inc.,*
   615 F.2d 1315 (10th Cir. 1980) ..............................................................................9

*Walker v. Columbia University,*
   756 F. Supp. 149 (S.D.N.Y. 1991) .........................................................................4

*Welyczko v. U.S. Air Inc. et al.*,
    733 F.2d 239 (2d Cir. 1984)...................................................................................3

*White v. White Rose Food*,
    128 F.3d 110 (2d Cir. 1997).................................................................................3, 4

*White v. White Rose Food*,
    237 F.3d 174 (2d Cir. 2001)...................................................................................3

*Wilder v. GL Bus Lines*,
    258 F.3d 126 (2d Cir. 2001)...................................................................................3

*Witt v. Roadway Exp.*,
    136 F.3d 1424 (10th Cir. 1998) .............................................................................5

*Wozniak v. U.A.W., Local 897*,
    842 F.2d 633 (2d Cir. 1988)...................................................................................8

## FEDERAL STATUTES

§ 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b)......................................3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANDREW ARNOLD,

                                                 Plaintiff,

                  -against-                          Case No. 09-cv-5576 (DC) (THK)

1199 SEIU,

                                                Defendant.
------------------------------------------------------------------X

## DEFENDANT UNION'S MEMORANDUM OF LAW IN SUPPORT OF ITS HYBRID MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) AND MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56

### PRELIMINARY STATEMENT

Andrew Arnold ("Arnold") brings this action alleging that Defendant 1199 SEIU, properly known as "1199SEIU United Healthcare Workers East" ("1199" or "Union"), has violated its duty of fair representation ("DFR"). The Union moves to dismiss this Complaint, pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure ("FRCP") and submits this memorandum of law in support of its hybrid motion to dismiss and motion for summary judgment. The Motion is based on the Complaint being barred by the applicable statute of limitations, and the Plaintiff's failure to exhaust his internal union remedies.

### INTRODUCTION

Mr. Arnold, a former employee of Beth Abraham Medical Center (the "Employer") and member of the Union alleges, in general terms, that the Union violated its DFR by failing to properly represent him regarding his termination from employment.

The Complaint must be dismissed. As demonstrated in this motion, the allegations are barred by the applicable statue of limitations. If the Court does not dismiss the claims pursuant

to Rule 12(b)(6) as the Complaint on its face makes apparent that it is not timely, then the Court should grant summary judgment pursuant to Rule 56, on the basis of documents which establish that the Complaint is time-barred, and that the Plaintiff has failed to exhaust internal union remedies.

## FACTS

Mr. Arnold was an employee of the Employer until he was terminated by the Employer on or about April 5, 2007 (Complaint, ¶ 3). As an employee, Arnold, a member of 1199, was covered by a collective bargaining agreement ("CBA") between 1199 and the League of Voluntary Hospitals and Homes of New York ("League"), an agent acting on behalf of its members, including the Employer. (Complaint, ¶¶ 3, 4, 6, 8, 10, 11.)

The Union grieved the termination of Mr. Arnold and processed the grievance through the third step of the grievance procedure. After the Employer denied the grievance and upheld its determination to terminate Arnold, the Union concluded that the case did not warrant proceeding to arbitration, and so notified Arnold. The Union also informed Arnold that he could appeal its decision to a Chapter Hearing and Appeals Board which has the authority to order that the matter be submitted to arbitration. Mr. Arnold did not appeal. See Declaration of Richard Dorn, Exhibits "2" and "3." The Union notified Mr. Arnold by letter dated September 4, 2007 that it considered his case to be closed. See Ex. "7" annexed to the Declaration of Richard Dorn.

The instant action was commenced in the Bronx Supreme Court against the Union on or about March 26, 2009. (Summons and Complaint, annexed as Exhibit "1" to the Declaration of Richard Dorn). The Complaint was subsequently removed to this Court.

**ARGUMENT**

**POINT I.**
**THE COMPLAINT SHOULD BE DISMISSED AS IT IS BARRED BY THE APPLICABLE STATUE OF LIMITATIONS**

Arnold asserts that the Union has breached its DFR by failing to properly represent him regarding his termination and that the Employer violated the CBA by terminating him without cause. A suit against an employer for breach of a CBA and against a Union for breach of the DFR is a 'hybrid § 301/fair representation' action." Tomney v. Int'l Ctr. for the Disabled, 357 F.Supp.2d 721, 735 (S.D.N.Y. 2005). A plaintiff in a hybrid §301/DFR action "may sue the union or the employer, or both, but in any case must allege violations on the part of both." Id., citing Del Costello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 165, 103 S. Ct. 2281, 2291 (1983); Carrion v. Enter. Ass'n, Metal Trades Branch Local Union 638, 227 F.3d 29, 34 (2d Cir. 2000).

"To establish a hybrid § 301/DFR claim, a plaintiff must prove both (1) that the employer breached a collective bargaining agreement and (2) that the union breached its duty of fair representation vis-à-vis the union members." White v. White Rose Food, 237 F.3d 174, 178-79 (2d Cir. 2001). Due to the fact that the hybrid § 301/DFR claim is a combination of two distinct yet inextricably interdependent causes of action, the plaintiff must prove each prong of the claim in order to be successful. See, Del Costello, 462 U.S. at 164-65; Wilder v. GL Bus Lines, 258 F.3d 126, 129 (2d Cir. 2001).

In the landmark case of DelCostello v. Teamsters, 462 U.S. 151 (1983), the Court held that the six-month statute of limitations of § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), applies to DFR claims. See also Welyczko v. U.S. Air Inc. et al., 733 F.2d 239, 240 (2d Cir. 1984); White v. White Rose Food, 128 F3d 110 (2d Cir. 1997); King v. New York

Telephone Co., 785 F.2d 31, 33 (2d Cir. 1980); Walker v. Columbia University, 756 F. Supp. 149, 152-153 (S.D.N.Y. 1991).

In this Circuit a DFR cause of action accrues "when the plaintiff could first have successfully maintained a suit based on that cause of action" King, 785 F.2d at 33 (citing Santos v. Dist. Council of New York, 619 F.2d 963, 968-69 (2d Cir. 1990)). Where a cause of action does not exist unless the duty of fair representation has been breached the cause of action accrues "no later than the time when plaintiffs knew or reasonably should have known" of the union's improper conduct. Santos v. Dist. Council of New York, 619 F.2d 963, 969 (2d Cir. 1990); *see also* White, 128 F.3d at 114; Cohen v. Flushing Hosp. and Med. Ctr., 68 F.3d 64, 67 (2d Cir. 1995); King, 785 F.2d at 34.

While it is true that only the Union is a defendant in this action, courts have held that the six-month statute of limitations contained in Section 10(b) of the National Labor Relations Act ("NLRA") applies to a situation where the Union is the sole defendant. See Eatz v. DME Unit of Local Union Number 3, 794 F.2d 29, 33 (2d Cir. 1986):

> Due to the undeniable resemblance and substantial overlap between unfair labor practices and breaches of the duty of fair representation, see DelCostello, 462 U.S. at 169, 103 S.Ct. at 2293, we read DelCostello to require that the § 10(b) six-month limitations period also be applied to unfair representation claims standing alone, see Engelhardt v. Consolidated Rail Corp., 756 F.2d 1368, 1369-70 (2d Cir. 1985) (per curiam); Erkins v. United Steelworkers, 723 F.2d 837, 838 (11th Cir.) cert. denied, 467 U.S. 1243, 104 S.Ct. 3517, 82 L.Ed.2d 825 (1984).

See also Pulliam v. Auto Workers, 354 F. Supp. 2d 868 (W.D. Wisc. 2005) (applying §10(b) statue of limitations "even though employee did not assert claim against employer"); Smith v. Masters, Mates & Pilots, 296 F.3d 380 (5th Cir. 2002), cert. denied, 123 S.Ct. 691

(2002); Paperworkers Local 395 v. ITT Rayonier, 931 F.2d 832 (11th Cir. 1991); Johnson v. Graphic Communications, 930 F.2d 1178 (7th Cir.), cert. denied sub nom. Padget v. Graphic Communications, 502 U.S. 862 (1991); Pruitt v. Carpenters Local 225, 893 F.2d 1216 (11th Cir. 1990); Landry v. Air Line Pilots Ass'n. Intern. AFL-CIO, 901 F.2d 404, 411 (5th Cir. 1990).

In Witt v. Roadway Exp., 136 F.3d 1424, 1430-31 (10th Cir. 1998), the court expounded on the reasons for these decisions:

> The rationale supporting DelCostello's application of the six-month limitation period to unfair representation claims in the hybrid context is equally applicable when the claim is brought alone. First, DelCostello held that the unfair representation claim exhibits a "family resemblance" to unfair labor practice claims that "is undeniable," and noted the "substantial overlap" between the claims. DelCostello, 462 U.S. at 170, 103 S.Ct. at 2293-94. "Duty of fair representation claims are allegations of unfair, arbitrary, or discriminatory treatment of workers by unions – as are virtually all unfair labor practice charges made by workers against unions." Id.
>
> Second, unfair representation claims involve the same balance of interests at stake in hybrid claims: the national interest in the finality of private bargaining arrangements balanced against the individual interest in setting aside an unjust settlement. Every unfair representation claim implicates this balance because it alleges the union failed to represent an individual employee in a bargaining or grievance situation . . .
>
> Third, the six month limitation period is even more appropriate to the unfair representation claim when it stands alone, because its companion in the hybrid suit is essentially a contract claim to which a longer state-law limitations period would ordinarily apply. See DelCostello, 462 U.S. at 165, 103 S.Ct. at 2291. If the policies in favor of the six-month limitation period are strong enough to override the contract limitations period when both claims are joined, surely those policies apply to the unfair representation claim standing alone . . . In holding that a six-month statute of limitation applies to unfair representation claims, we follow the majority of our sister circuits as well as the trend in our own cases on related issues. See Arnold v. Air Midwest, Inc., 100 F.3d 857, 859 (10th Cir. 1996); Rucker v. St. Louis Southwestern Ry., 917

> F.2d 1233, 1237-38 (10th Cir. 1990); <u>Barnett</u>, 738 F.2d at 362-64; <u>George</u>, 100 F.3d at 1014; <u>Richardson v. United Steelworkers of Am.</u>, 864 F.2d 1162, 1167 (5th Cir. 1989), cert. denied, 495 U.S. 946, 110 S.Ct. 2204, 109 L.Ed.2d 531 (1990); <u>Eatz v. DME Unit of Local Union No. 3</u>, 794 F.2d 29, 33 (2d Cir. 1986); <u>Peterson v. Kennedy</u>, 771 F.2d 1244, 1251 (9th Cir. 1985), cert. denied, 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986); <u>Adkins v. International Union of Elec., Radio & Mach. Workers</u>, 769 F.2d 330, 335 (6th Cir. 1985); <u>Erkins</u>, 723 F.2d at 838-39. (Some citations omitted.)

In this case, the Union filed a grievance protesting Mr. Arnold's discharge. A Step III grievance meeting was held on May 14, 2007, and the decision of the Employer denying the grievance was dated May 24, 2007. (See Ex. "2" annexed to the declaration of Richard Dorn.) Step III is the final step of the grievance procedure. Thereafter, the Union determined that the case did not warrant proceeding to arbitration and Arnold was so notified in a letter dated May 30, 2007. (See Ex. "3" annexed to the declaration of Richard Dorn.)

The letter also informed Arnold that he had a right to appeal the decision of the Union to a Chapter Hearing and Appeals Board which consists of members of the Union employed by the Employer. The Board, pursuant to the provisions of the Union's Constitution, has the authority to direct the Union to take the case to arbitration. (The pertinent provisions of the Union's Constitution are annexed to the Declaration of Richard Dorn as Ex. "4.")

In order to preserve its right to proceed to arbitration, and to avoid the issue of untimely submission, the Union, while waiting for the internal union process to run its course, submits the issue to arbitration. After Mr. Arnold failed to initiate an appeal and sent a letter to the Union dated July 7, 2007 in which he referred to his "defunct relationship" with the Union (see letter annexed to the Declaration of Richard Dorn as Ex. "5"), the Union officially withdrew the matter from arbitration. (See letter dated July 25, 2007 to the American Arbitration Association

attached to the declaration of Richard Dorn as Ex. "6.") The Union notified Arnold by letter dated September 4, 2007 that his case was closed. (See letter annexed to the Declaration of Richard Dorn as Ex. "7.")

Mr. Arnold was therefore on notice, no later than the beginning of September 2007, that the Union was not going to take his discharge case to arbitration. However, Arnold waited until March 2009, a period of approximately eighteen (18) months to commence his action well beyond the six-month statute of limitations for DFR cases. The action is obviously untimely.

## POINT II.
## THE COMPLAINT MUST BE DISMISSED AS THE PLAINTIFF HAS FAILED TO EXHAUST INTERNAL UNION REMEDIES

In Clayton v. Auto Workers, 451 U.S. 679 (1981), the Supreme Court held that courts have discretion to determine whether to require a union member to attempt to exhaust the internal union appeals procedures set forth in the union's constitution and bylaws before filing a hybrid breach of contract/fair representation action. In exercising its discretion, the court must consider at least the following factors:

> first, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under §301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.

Id., 451 U.S. at 689.

In this case, the internal union procedure set forth in its Constitution (annexed as Ex. "4" to the declaration of Richard Dorn) provides for a fast, efficient remedy. The Chapter Hearing and Appeals Board consists of members of the Union employed by the Employer. The members

have the authority to overrule the decision of the Union and direct the Union to submit the case to arbitration. Arnold would have the right to either present the case himself or have a fellow member represent him before the Board. If the Board decided in his favor, Arnold would have had his case brought to arbitration promptly and the arbitrator could have ordered him reinstated with back pay. In fact, to protect itself from claims that an arbitral submission is untimely, the Union has a practice of submitting the matter to arbitration pending the outcome of the appeals process as provided in the Union Constitution. That was what it did in this case. There was no reason why Arnold refused the opportunity to follow the procedure set forth in the Union's Constitution specifically for situations where the Union official decides that a grievance should not be taken to arbitration. His failure to exhaust his internal union remedies therefore preclude him from bringing this action. See Wozniak v. U.A.W., Local 897, 842 F.2d 633, 636 (2d Cir. 1988).

The exhaustion requirement is incorporated in the Union's Constitution and is contractually assumed by the member when he or she joins the Union. Johnson v. General Motors, 641 F.2d 1075, 1084 (2d Cir. 1981); Newgent v. Modine Mfg. Co., 495 F.2d 919, 927-28 (7th Cir. 1974) (member's ignorance of appeals process does not excuse exhaustion). In this case, of course, Arnold was specifically reminded by the Union of his ability to take an appeal.

Where there is no question as to the adequacy and mandatory nature of the intra-union remedies, exhaustion of those remedies is an indispensable prerequisite to the institution of a civil action against a union. Battle v. Clark Equip. Co., 579 F.2d 1338, 1342 (7th Cir. 1978).

Where the Union's appeal process can result in the reinstatement of the grievance, exhaustion is required. As noted in Clayton, supra:

>Where internal union appeals procedures can result in either complete relief to an aggrieved employee or reactivation of his grievance, exhaustion would advance the national labor policy of encouraging private resolution of contractual labor disputes. In such cases, the internal union procedures are capable of fully resolving meritorious claims short of the judicial forum. Thus, if the employee received the full relief he requested through internal procedures, his § 301 action would become moot, and he would not be entitled to a judicial hearing. Similarly, if the employee obtained reactivation of his grievance through internal union procedures, the policies underlying Republic Steel would come into play, and the employee would be required to submit his claim to the collectively bargained dispute-resolution procedures. In either case, exhaustion of internal remedies could result in final resolution of the employee's contractual grievance through private rather than judicial avenues.

451 U.S. at 693 (fn. omitted).

See also, Varra v. Dillon Companies, Inc., 615 F.2d 1315, 1317 (10th Cir. 1980); Miller v. General Motors Corp., 675 F.2d 146, 148 (7th Cir. 1982); Hayes v. Brotherhood of Ry. and Airline Clerks, 727 F.2d 1383, reh'q denied, 734 F.2d 219 (5th Cir. 1984), cert. denied, 469 U.S. 935 (1984).

The Union has shown that internal union procedures were available which could have reactivated Arnold's grievance and his case would have proceeded to arbitration in a prompt manner. There is no allegation that the Union officials involved were hostile to Arnold. Therefore, Arnold's failure to avail himself of the Union's internal review process precludes him from bringing this action.

## CONCLUSION

For the reasons stated, the Union's Motion to Dismiss the Complaint or for Summary Judgment should be granted.

Dated: June 29, 2009
      New York, New York

                                       LEVY RATNER, P.C.

By:   Richard Dorn (RD1076)
      Attorneys for Defendant 1199SEIU
      United Healthcare Workers East
      80 Eighth Avenue Floor 8
      New York, New York 10011
      (212) 627-8100
      (212) 627-8182 (fax)

TO:   Andrew Arnold
       1964 Nereid Avenue
       Bronx, NY 10466