UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANDREW ARNOLD,

                                        Plaintiff,

                    -against-                              Case No. 09-cv-5576 (DC) (THK)

1199 SEIU,

                                        Defendant.
-------------------------------------------------------------------X

## <u>DECLARATION OF RICHARD DORN, ESQ.</u>

I, Richard Dorn, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct:

1.    I am senior attorney with the law firm of Levy Ratner, P.C., attorneys for Defendant 1199 SEIU, properly known as "1199SEIU United Healthcare Workers East" ("1199" or "Union"), in the above-captioned matter. I am fully familiar with the facts and circumstances set forth herein and respectfully submit this declaration in support of 1199's Motion to Dismiss or for Summary Judgment.

2.    A true and accurate copy of the Summons and Complaint filed by Mr. Arnold in the Bronx Supreme Court is annexed as Exhibit "1."

3.    A true and complete copy of the decision of Beth Abraham Health Services ("Employer") dated May 24, 2007, denying the grievance filed by 1199 contesting the termination of the Plaintiff Andrew Arnold is annexed as Exhibit "2."

1-071-00010 48932.doc

4.     A true and complete copy of a letter sent to Mr. Arnold by the 1199 organizer dated May 30, 2007 informing him that the Union had concluded that the grievance contesting his termination did not warrant submitting it to arbitration, and notifying him he could appeal the decision to a Chapter Hearing and Appeal Board is annexed as Exhibit "3." The letter also noted that if no appeal was taken, the Union would consider the case closed.

5.     Pursuant to the Constitution of 1199, the pertinent pages of which are annexed as Exhibit "4", a member of the Union whose grievance challenging an employer's disciplinary action is deemed of insufficient merit to be submitted to arbitration may appeal such determination to a Chapter Hearing and Appeals Board. The Chapter Hearing and Appeals Board consists of members of the Union employed by the Employer, who, as set forth in the Constitution, have authority to direct the Union to take a case to arbitration that the organizer or officer had decided not to process to arbitration.

6.     A true and complete copy of a letter from Mr. Arnold to the 1199 Organizer dated July 7, 2007 is annexed as Exhibit "5." In the letter, Mr. Arnold, who failed to initiate an appeal, states that his relationship with 1199 is "defunct."

7.     A true and complete copy of a letter dated July 25, 2007 from Daniel J. Ratner, Esq., to the American Arbitration Association withdrawing the arbitration commenced for Mr. Arnold is annexed as Exhibit "6." The withdrawal was done pursuant to Section 6(d) of the Union Constitution as set forth in Exhibit 4.

«Matter Matter ID» 48932.doc

2

8.    A true and complete copy of a letter dated September 4, 2007 from a vice president of 1199 to Mr. Arnold is annexed as Exhibit "7."  The letter states that the Union considered his case closed.

Dated: June 29, 2009
       New York, New York

                                        LEVY RATNER, P.C.


                                        _Richard Dorn_

                              By:       Richard Dorn (RD1076)
                                        Attorneys for 1199SEIU United
                                        Healthcare Workers East
                                        80 Eighth Avenue
                                        New York, New York 10011
                                        (212) 627-8100
                                        (212) 627-8182 (fax)


TO:    Andrew Arnold
       1964 Nereid Avenue
       Bronx, NY 10466

«Matter Matter ID» 48932.doc

3

# EXHIBIT 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

ANDREW ARNOLD,

                Plaintiff-Petitioner,

    – against –

    **1199 SEIU**

               Defendants-Respondents.

RECEIVED
LEGAL DEPT.

2009 JUN 10  AM 11: 32

by Hans

**SUMMONS**

Index No. **250503-2009**
Date Index No. purchased
**Mar 26ᵗʰ**, 2009

To the Person(s) Named as Defendant(s) above:

    PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED to

answer the complaint of the plaintiff(s) herein and to serve a copy of your answer

on the plaintiff(s) at the address indicated below within 20 days after service of

this Summons (not counting the day of service itself), or within 30 days after

service is complete if the Summons is not delivered personally to you within the

State of New York.

    YOU ARE HEREBY NOTIFIED THAT should you fail to answer, a

judgment will be entered against you by default for the relief demanded in the

Complaint.

Dated:  March **26**, 2009

                    *Andrew Arnold*
                    Sign name

                    *Andrew Arnold*
                    Print Name

                    1964 Nereid Ave
                    Bronx, New York 10466

1199 SEIU
*Defendant*
310 West 43rd Street,
New York, NY 10036

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Index No. 250503-2009

ANDREW ARNOLD,

                    Plaintiff-Petitioner,

        – against –

   1199 SEIU

                    Defendants-Respondents.

**COMPLAINT**

TO THE SUPREME COURT OF THE STATE OF NEW YORK

The complaint of the plaintiff, Andrew Arnold, respectfully shows and alleges as follows:

1.     The Plaintiff herein, Andrew Arnold, is a resident of the State of New York.  Mr. Arnold resides at 1964 Nereid Ave, Bronx, New York.

2.     The defendant herein, 1199 SEIU, has a principal place of business at 310 West 43rd Street, New York, NY 10036,. Defendant is engaged in the business of Union Organizing.

3.     Plaintiff was a full-time employee of Beth Abraham Health Services working at 2401 White Plains Road, Bronx, N.Y, represented by 1199 SEIU, at the time of his termination on April 5, 2007.

4.     The CBA states that the no (full time) employee, subject to this agreement shall be discriminated against neither by their employer, nor the Union.

5.     Beth Abraham Health Services, during the course of Plaintiff's employment had assigned him a disproportionately greater workload than workers of coordinate jurisdiction of a different gender, which has been documented and quantified.

6.     Beth Abraham Health Services, during the course of Plaintiff's employment, had distributed Plaintiff's work assignments on the basis of discrimination/retaliation in violation of anti-discrimination provisions in the CBA.

7.    Plaintiff filed a grievance for 'wrongful termination' with 1199 SEIU.

8.    Plaintiff's grievance hearing was held May 24, 2007 during which the issue of

Beth Abraham assigning Plaintiff a disproportionately greater workload than workers of

coordinate jurisdiction of a different gender, in violation of the CBA, was again raised.

9.    1199 SEIU's failure to represent Plaintiff fairly, and Beth Abraham's

discriminatory/retaliatory conduct against Plaintiff, based on his gender, as evidenced

by the broad disparity in workload assignments is the source of his wrongful termination.

10.    Beth Abraham violated the anti-discrimination provision contained in the CBA by

Abraham assigning Plaintiff a disproportionately greater workload than workers of

coordinate jurisdiction of a different gender.

11.    Beth Abraham has breached the collective bargaining agreement by wrongfully

discharging Plaintiff and Local Union 1199 SEIU has breached its statutory duty of fair

representation by the manner in which it handled appellant's grievance

12.    Plaintiff also alleges that the union did not conduct an adequate investigation

prior to rendering its judgment of -- no arbitration, which made it impossible for Plaintiff

to obtain the relief he sought and exhausted all administrative remedies under the CBA

13.    By reason of the facts and circumstances stated above, defendant has breached

the contract.

14.     .By reason of the facts and circumstances stated above, plaintiff has been damaged by defendant in the sum of $ 200,000.00 [two hundred thousand].

WHEREFORE, plaintiff demands judgment against defendant in the sum of two hundred thousand dollars, together with any other relief this court finds to be just and proper.

Dated:  March 26 , 2009

_____
Sign name

_____
Print Name

1964 Nereid Ave
Bronx, New York 10466

## VERIFICATION

RECEIVED
LEGAL DEPT.

2009 JUN 10  AM 11: 33

Andrew Arnold, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action.  I have read the foregoing complaint and know the contents thereof, the same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Sworn to before me on
26th day of March, 2009

_____
Notary Public

Lydia E. Cruz
Commissioner of Deeds
City of New York No. 3-7319
Certificate Filed in Bronx County
Commission Expires May 01  /0

_____
[Sign your name before Notary]

Andrew   Arnold
_____
Print your name

# EXHIBIT 2



**Beth Abraham**
HEALTH SERVICES

612 Allerton Avenue, Bronx, NY 10467
Tel: 718-519-4000

<u>Via Certified Mail & Fax</u>
#7006 0810 0004 4972 3074
(212) 399-9395

MAY 24, 2007

**STEP III GRIEVANCE CONFERENCE**

**FOR**

**ANDREW ARNOLD**

**GRIEVANCE – TERMINATION**

<u>**ATTENDANCE**</u>

David A. Nadal, Director, Employee & Labor Relations
Keri Frazier-White, Assistant Director, Human Resources
Maureen Connolly, Regional Director
Yoni Kono, Service Manager
Elise Laviscount, Organizer, 1199/SEIU
Byron Smith, Organizer, 1199/SEIU
Valerie Fuentez, Delegate, 1199/SEIU
Andrew Arnold, Grievant

<u>**GRIEVANCE**</u>

Violation of Collective Bargaining Agreement, included but not limited to Articles I; II; XXVII; XXXI.

A Step III Grievance Conference was held on May 14, 2007, in accordance with the above-mentioned Articles of the Collective Bargaining Agreement to discuss the issuance of a termination against the employee, Andrew Arnold (hereafter to be referred to as "Grievant").

The remedy sought by the Union is to return the Grievant to his position as an Authorization Specialist, reimburse and make the Grievant whole including but not limited to monies lost, with seniority and benefits restored.

<u>**SPECIFICATION**</u>

Substandard work performance. Since a Step III Hearing held on September 13, 2006, you have failed to improve your work performance.

A beneficiary agency of the **UJA Federation** *of New York*

PAGE 2
ANDREW ARNOLD

## DISCUSSSION

Prior to commencement of this Step III Hearing the Grievant made a request to tape record the proceeding. The Grievant was informed that tape recording was not prohibited and his request was denied.

Ms. Kono stated that on September 13, 2006, a Step III Hearing was held to address the written warnings the Grievant received on May 23, 30 & June 16, 2007, for substandard work performance, insubordination, inappropriate communication and use of e-mail. As a result of the hearing all parties agreed that a plan of action would be established where by weekly meetings would be held in order to provide appropriate communication regarding work assignments and job performance. These meetings would also afford the Grievant an opportunity to address any work related issues or problems.

According to Ms. Kono the weekly meetings did not help to improve the Grievant's work performance. The Grievant continued to display substandard work performance by not conducting the following duties:

- Proper review and tracking of patient care records in the Patient Tracking Log (PTL).
- Incorrectly noting medication record into the Comprehensive Care Management (CCM) database.
- Unable file patient care plans in a timely manner.
- Failing to keep work area organized.

Ms. Kono indicated that these issues were repeatedly addressed in the weekly meetings to the Grievant and he did not communicate to Management the need for assistance or retraining to perform these duties. Ms. Kono further stated that the Grievant's inability to perform his responsibilities accordingly lead to errors noted in medical records and delays in providing patient care.

Management present for the record copies of the following exhibits:

Exhibit #1: On November 12, 2006, Denise Ellis-McMillan, Supervisor prepared a report (Management Exhibit #1), of the weekly meetings held between Management and the Grievant from October 6, 2006 to November 1, 2006, identifying specific work performance issues previously mentioned.

Exhibit #2: On February 21, 2007, Ms. Kono addressed the Grievant with a final written warning indicating that he has failed to display improvement in his work performance.

Exhibit #3: A Chart Medication Profile that contained a physician's order for dispensing medication. The Grievant failed to review the physician's order and noted the incorrect medication dosage in the patient's chart.

PAGE 3
ANDREW ARNOLD

Exhibit #4: Eight (8) Patient Care Plans that are required to be maintained in the
patients' chart were discovered on the Grievant's desk.

Exhibit #5: A Case Conference Schedule (CCS) listing patients' records that were not
processed in a timely manner by the Grievant. According to Ms. Connolly the general
time of completion for processing the patient records is three (3) weeks. The CCS
indicates the patient records were processed by the Grievant after thirty (30) days.

The Grievant stated that on a regular basis he had a higher workload and more cases
approximately two hundred fifty (250) than his co-workers with two hundred (200). This
affected his ability to perform the duties as required, in addition he had no assistance.
The Grievant felt that his high workload was obvious to Management and as a result he
did not feel it was necessary to bring it to their attention.

The Grievant responded to Management's exhibits stating the following:

Exhibit #1, the Grievant acknowledged that the weekly meetings took place however, he
did not feel it was necessary to advise Management of his need for assistance.

Exhibit #3, the Grievant acknowledged that he made the errors as reported.

Exhibit #4, the Grievant denies there were 8 patient care files on his desk. He identified
only 5 that he left on the desk. The remaining 3 were placed in the patients file by the
Grievant.

Exhibit #5, the Grievant believes that the samples presented are not an accurate report
as it relates to his skill level. According to the Grievant the nurses are required to sign
off on the care plan and give it to the Grievant in a timely manner, which they repeatedly
fail to do. This caused the delay with the filing process because he had to wait for the
care plans.

On behalf of the Grievant, Ms. Laviscount stated the Grievant acknowledges that he did
make some errors however, this was the result of a heavy workload. The Union is
disputing the majority of the errors identified in the exhibits based on the Grievant not
receiving adequate support from Management to assist him with his duties. The Union
is requesting the Grievant receive a second opportunity to improve.

## DETERMINATION

Based on the facts and circumstances presented, it is apparent that Management
afforded the Grievant several opportunities to improve his work performance. Prior to
the Step III Hearing the Grievant received 3 separate warnings related to his work
performance. The Grievant acknowledged that at the Step III Hearing he agreed to and
thereafter participated in the weekly meetings. The Grievant also acknowledged that
Management identified the errors he was repeatedly making.

**PAGE 4**
**ANDREW ARNOLD**

However, he did not provide Management with any input as to how they could assist him in performing his duties.  Clearly, Management provided the Grievant with the necessary in servicing and retraining of the daily requirements in attempt to improve his work performance.  Unfortunately, due to the continued errors committed and lack of communication by the Grievant, Management had no other alternative but to request that the Grievant's services be terminated.   Thus the penalty of termination shall be upheld.

Accordingly, this grievance is <u>DENIED</u>.

*D. Nadal*

David A. Nadal
Director of Employee & Labor Relations
Beth Abraham Family of Health Services

c:  P. Fragale
    C. Smith
    K. Frazier-White
    M. Connolly
    Y. Kono
    E. Laviscount
    B. Smith
    V. Fuentez
    Labor Relations File
    Personnel File

# EXHIBIT 3

PRESIDENT
Dennis Rivera

SECRETARY TREASURER
George Gresham

EXECUTIVE VICE-PRESIDENTS
Norma Amsterdam
Yvonne Armstrong
Marshall Blake
Maria Castaneda*
Jennifer Cunningham*
Mike Fadel*
Aida Garcia
Betty Hughley
Eustace Jarrett
Steven Kramer
Patrick Lindsay*
John Reid
Bruce Richard
Mike Rifkin
Jay Sackman

VICE-PRESIDENTS AT LARGE
Mark Bergen
Lenora Colbert
Patrick Gaspard
Pearl Granat
Robert Moore**
Barbara Rosenthal
Neva Shillingford
Minerva Solla
Celia Wcislo**

VICE-PRESIDENTS
Maryann Allen
Denise Allegretti
Jacqueline Alleyne
Peggy Bachman*
Hassan Bilal*
Coert Bonthius
Carolyn Brooks
Lisa Brown
Gerard Cadet
Donald Crosswell
Al Davidoff*
Armeta Dixon*
Angela Doyle
Enid Eckstein*
Jerry Fishbein*
Frances Gentle
Larry Ginsburg*
Brenda Hartley*
Michelle Healy*
Anne Jacobs-Moultrie
Keith Joseph
George Kennedy
Maria Kercado
Rosa Lomuscio*
Winslow Luna*
Coraminita Mahr
Dalton Mayfield
Joanne McCarthy
Joyce Neil
Gerard Nordenberg
Isaac Nortey
Elsie Otero*
Vasper Phillips
Bruce Popper
Anne Powe
Rhadames Rivera
Victor Rivera*
John Seales
Rona Shapiro
Allan Sherman
Patricia Smith
Greg Speller
Clare Thompson
Kathy Tucker
Nelson Valdez
Laurie Vallone
Mary Whitten
Gladys Wrenick*

GENERAL COUNSEL
Daniel J. Ratner, Esq.

CHIEF FINANCIAL OFFICER
Louise Bayer

* Acting
** Acting Assistant
   Division Director

**1199SEIU**
United Healthcare Workers East

**CERTIFIED MAIL
70022030000152329150**

May 30, 2007.

Andrew Arnold
1964 Nereid Avenue
Bronx, NY 10466

Dear Mr. Arnold:

Management has denied your grievance at the third step. We have made a thorough investigation of your grievance and concluded that it does not warrant arbitration.

You do have a right to make further appeal through the Chapter Hearing and Appeal Board of **CCM Wallerstein**. If this is your desire, you must submit your request in writing to **Allan Sherman** within **48** hours of your receipt of this letter and we will convene the Board to hear your case.

Your failure to respond within the specified time will leave us no alternative but to believe you are not interested in pursuing the matter and we will, therefore, consider the case closed.

Sincerely,

Elise Laviscount
Contract Administrator/Organizer
Nursing Home Division

*C:    Neva Shillingford, Assistant Division Director
      Allan Sherman, Vice President*

EL/lr

NEW YORK CITY
PRINCIPAL
HEADQUARTERS
310 West 43rd St.
New York, NY 10036
(212) 582-1890
www.1199seiu.org

ALBANY
155 Washington Ave.
Albany, NY 12210
(518) 396-2300

KINGSTON
75 Crown Street
Kingston, NY 12401
(845) 339-1900

BALTIMORE
611 North Eutaw Street
Baltimore, MD 21201
(410) 332-1199

ROCHESTER
225 W. Broad St., Ste. B
Rochester, NY 14608
(585) 244-0830

BOSTON
21 Fellows Street
Roxbury, MA 02119
(617) 442-4100

SYRACUSE
404 Oak St., Suite 120
Syracuse, NY 13217
(315) 424 1743

BUFFALO
974 Kenmore Ave
Buffalo, NY 14216
(716) 982-0540

UNIONDALE
50 Charles Lindbergh, Ste. 602
Uniondale, NY 11553
(516) 542-1115

GOUVERNEUR
95 E Main St., 2nd Fl.
Gouverneur, NY, 13642
(315) 287-9013

WHITE PLAINS
99 Church St.
White Plains, NY 10601
(914) 993-6700

# EXHIBIT 4

# Constitution

## 1199SEIU United Healthcare Workers East

**As amended through
September 1, 2006**

(i) It shall be a condition of membership and the continuation of membership that a member must exhaust all remedies provided for in this constitution, and that he/she will not file or prosecute any action in any court, tribunal or other agency until those remedies have been exhausted.

**A      Complaints against a Member or Representative**

### Section 1 — Chapter or Area Hearing Board.

(a)      A member shall have the right to bring a complaint against another member, for any of the reasons set forth in this Constitution. A complaint by a member against another member shall be filed with the Vice President assigned to the Chapter or Area in which the member, against whom the complaint is filed, is employed.   A complaint against an Organizer or representative shall be filed with the Vice President responsible for supervision of the Organizer or representative.

A hearing shall be held on any such complaint within sixty (60) days of the receipt of the complaint by the Vice President.  Notice of the hearing date, time and place shall be sent by the Vice President to the parties concerned in the complaint.  It shall be the duty of such Vice President to convene the Board for the Hearing.

(b)      The Board shall hear the parties and their witnesses and based on all the evidence, oral and documentary, presented, shall render its decision. The Board may dismiss the complaint, impose a reprimand, a censure and/or fine up to a maximum of $25.  It may also recommend to the Regional Hearing and Appeals Board a greater fine and/or suspension or expulsion.

(c)      The Secretary of the Board shall maintain and preserve the records of the hearing, including the Board's decision, copies of which shall be forwarded to the parties, the Vice Presidents and the President of the Union. A formal transcript of the hearing need not be made.

### Section 2 — Regional Hearing & Appeals Board.

(a) In order to appeal from a decision of the Chapter or Area Hearing Board, a member must make a request in writing to the Executive Vice President in charge of the Region affected or administrative division, if established, not later than fifteen (15) days from the date of mailing of the decision of the Board below and forward a copy simultaneously to the President of the Union.  Upon receipt of a timely appeal and/or in the event of a recommendation of greater fine and/or suspension or expulsion, as provided in Section 1(b) above, the Executive Vice President shall convene the Regional Hearing and Appeals Board within sixty (60) days from the date of the Appeal.

(b) Notice of the date, time and place of hearing shall be sent to the parties not later than ten (10) days prior to the date of the hearing.

(c) The Secretary of the Board shall maintain and preserve all records of hearings and appeals.  A formal transcript of the hearing or appeal need not be made.

(d) The Board shall render its decision within ten (10) days from the date of the conclusion of the hearing and shall forward copies of its decision to the parties, the Executive Vice President and the President of the Union.

(e) The Board may sustain, modify or reverse the decision of the Chapter or Area Hearing Board, and may accept, modify or reject the recommendations, if any, of the said Board.

(f) Any charge against an organizer or a delegate for any of the reasons set forth in the constitution shall be filed with and heard by the appropriate Regional Hearing and Appeals Board.

## Section 3 — Unionwide Appeals Board

(a) In order to appeal from a decision of the Regional Hearing and Appeals Board, a party must make a request in writing to the Secretary-Treasurer of the Union not later than fifteen (15) days from the date of mailing of the decision of the Board below. Upon receipt of a timely appeal, the Secretary-Treasurer shall convene the Unionwide Appeals Board within sixty (60) days from the date of the appeal. Notice of the hearing date, time and place shall be forwarded to the parties involved not later than ten (10) days prior to the date of the hearing.

(b) The appeal before the Unionwide Appeals Board shall be limited to deciding (1) whether the hearings below were held in conformity to this constitution and, if so (2) whether the decisions rendered were fair and reasonable. If the Board decides that the hearings below were improper, in either respect, it may dismiss the complaint, or in the alternative order a new hearing. If the Board decides that the hearings below were proper and in accord with this constitution, it may either sustain, modify or reverse the decision or decisions made below. The decision of this Board shall be rendered within ten (10) days from the date of conclusion of the appeal and shall be forwarded to the parties and the President of the Union.

## Section 4 — Hearing Board of the Executive Council

(a) In order to appeal from a decision of the Unionwide Hearing and Appeals Board, a party must make a request in writing to the Secretary-Treasurer of the Union,  not later than fifteen (15) days from the date of mailing of the decision of the Board below. Upon receipt of a timely appeal, the Secretary-Treasurer shall convene an Executive Council Hearing and Appeals Board of no less than three (3) and no more than five (5) of its members. The said Board, so elected, shall hold a hearing within sixty (60) days from the date of the Appeal. Notice of the hearing date, time and place shall be for-warded to the parties involved not later than ten (10) days prior to the date of hearing.

(b) The secretary of the board shall maintain and preserve all records of the hearing or appeal including the Board's decision, copies of which shall be forwarded to the parties and to each of the members of the Executive Council within ten (10) days from the conclusion of the hearing. The Board may affirm, reverse or modify the decision of the Unionwide Hearing and

Appeals Board and may order any relief it deems appropriate under the facts and circumstances.

**B    Complaints against an Officer or Rank-and-File Executive Council member**

## Section 5 — Unionwide Hearing & Appeals Board

(a) A complaint against an officer or Rank-and-File Executive Council member shall be filed with the Secretary-Treasurer of the Union unless the complaint is against the Secretary-Treasurer, in which case it shall be filed with the President. The President or the Secretary-Treasurer, as the case may be, shall convene the Unionwide Hearings and Appeals Board within sixty (60) days of receipt of the complaint. Notice of the hearing date, time and place, together with a copy of the complaint, shall be sent to the parties-involved not later than ten (10) days prior to the date of hearing.

(b) The Board shall hear the parties and witnesses and based on all of the evidence presented, both oral and documentary, shall render its decision. The Board may dismiss the complaint, issue a reprimand or censure, impose a fine or a suspension or expulsion or make any other decision or ruling it deems appropriate or necessary under the facts and circumstances. The Secretary of the Board shall maintain and preserve the records of the hearing, including the Board's decision, copies of which shall be forwarded to the par-ties and the President or the Secretary-'Treasurer of the Union, as the case may be. A formal transcript of the hearing need not be made.

(c) Any further appeals by an officer or Rank-and-File Executive Council member shall be in accordance with the procedure set forth in Sections 4 and 5 above.

## Section 6 — Appeals Relating to Arbitration of Discipline Grievances

(a) This Section shall be limited to complaints against an organizer and/or officer of the Union in respect solely to arbitration of a member's grievance of discipline and matters of contract application limited to the particular complainant member, but shall not apply to issues of contract interpretation affecting bargaining unit members other than the complainant. No member shall file a charge of unfair representation at the NLRB or start a law suit based on unfair representation against the Union unless and until such employee has exhausted the internal remedies provided hereunder.

(b) Whenever an organizer and/or officer, after completion of the grievance procedure and when the contract time limitation for arbitration commences, decides that there is not basis for arbitration, the organizer and/or officer in charge shall immediately advise the employee, in writing, of his or her right to appeal this decision to the Chapter and/or Area Board. If the employee indicates by written notice to the Organizer and/or Officer within 72 hours thereafter that he or she desires to appeal the decision of the organizer and/or officer, the said organizer and/or officer

shall see to it that the applicable Chapter and/or Area Hearing Board shall be convened without delay to hear the member's version of the matter and make a prompt determination whether to sustain or reverse the organizer and/or officer who made the decision against arbitration. If the Chapter and/or Area Hearing Board decides in favor of arbitration, the Union shall be obligated to proceed with the arbitration. If thereafter, the Employer makes an offer of Settlement that the Union recommends, but which the member rejects, the Union may convene the Chapter and/or Area Hearing and Appeals Board to determine whether arbitration is warranted in light of the settlement offer. If the Chapter and/or Area Hearing and Appeals Board determines that the offer is fair and reasonable then the Union may withdraw the arbitration. If the Chapter and/or Area Hearing Board decides to sustain the organizer and/or officer, then and in that event:

(c) The member shall be promptly advised, in writing, of his or her right to a further hearing before the Regional Hearing and Appeals Board. If the member decides to pursue such further appeal, the member must, within 72 hours of the aforesaid notice, notify in writing the organizer and/or officer of his or her desire to make such appeal to the Regional Hearing and Appeals board. In the latter case, the organizer and/or officer shall promptly convene the Regional Hearing and Appeals Board for a hearing and the member involved shall be given written notice of the date, time and place of the hearing. If the Regional Hearing and Appeals Board decides in favor of arbitration, the Union shall proceed to arbitration. If, on the other hand, the Regional Hearing and Appeals Board sustains the decision not to arbitrate, said decision by the Regional Hearing and Appeals Board shall be final and binding.

(d) In view of the contract time limitation to initiate grievance arbitration the above procedure shall be followed by all parties without delay. However, the Union, despite the organizer's and/or officer's decision to forego arbitration may, pending any appeals as above set forth, in order to avoid the possibility of exceeding the contract time limitations initiate an arbitration and in the event the organizer's and/or officer's decision not to arbitrate is sustained on appeal, the Union may then withdraw the arbitration as if it had never been initiated.

## ARTICLE X
### Affiliation

The Union may affiliate with or disaffiliate from such central labor bodies and/or other organizations as the Executive Council may, from time to time, determine.

## ARTICLE XI
### Delegates to the SEIU Convention

All officers of the Union, including President, Secretary-Treasurer, Executive Vice Presidents and Vice Presidents shall be elected delegates to the SEIU Convention by virtue of their election as officers.

# EXHIBIT 5

Andrew Arnold
1964 Nereid Ave
Bronx, N.Y.  10466

July 7, 2007

Elise Laviscount
Contract Administrator/Organizer
Nursing Home Division, 1199 SEIU
310 West 43rd Street
New York, N.Y.  10036

Ms. Laviscount,

I am sure you will forgive my total surprise at being contacted by an 1199 representative
on Friday July 6, 2007, more than 30 days after the official severing of our relationship
with your May 30, 2007 letter (a copy of which is attached).

I found your May 30th, 2007 letter (which was certified with a return receipt requested
card) particularly unique, for its clear and unambiguous language.  Officially, it severs
our ties on the 49th hour (after its receipt) due to my " . . . failure to respond within the
specified time (which) will leave (has left) us (with) no alternative but to believe you are
not interested in pursuing the matter and we will, therefore, consider the case closed."

Retrospectively, in the May 2007 grievance hearing, Beth Abraham's management was
also both very clear and very specific as to their position when they stated to the 1199
delegates (at the conclusion of the meeting) that my only option was to hand in a letter of
resignation.  Similarly, your May 30th, letter was equally clear and unambiguous in
stating, as its conclusion, that: " . . . we have made a through investigation of your
grievance and concluded that it does not warrant arbitration."

Additionally, the employee and Labor Relations Specialist, who *carefully reviewed* the
merits of my case before concluding that ". . . the penalty of termination shall be upheld"
also left no room for dispute as to the direction that management and the Union jointly
had agreed should be taken.

At this point, unless you have been authorized to negotiate a financial settlement on
behalf of Beth Abraham, I am not in a position to revive our now defunct relationship of
some 30+ days.

Respectfully,

Andrew Arnold

CERTIFIED MAIL RETURN RECEIPT REQUESTED

Cc:  Allan Sherman, Vice President 1199 SEIU
      New York State Division of Human Rights
      U.S. Department of Justice, Civil Rights Division





U.S. POSTAGE
PAID
BRONX, NY
10469
JUL 09 07
AMOUNT
$5.21
00075073-07

10036

0000

CERTIFIED MAIL

7006 2760 0005 2112 7325

Elise Laviscount

Contract Administrator / Organizer
Nursing Home Division, 1199 SEIU
310 West 43rd Street
New York, N.Y. 10036

A Arnold
1964 Nereid Ave
Bx, NY 10466

07 JUL 11 AM 9:23

# EXHIBIT 6

# 1199 SEIU
United Healthcare Workers East

**Legal Department**
310 West 43rd Street • New York, NY 10036-6407 • Telephone 212/261-2206 • Fax 212/767-1747

July 25, 2007

Ms. Mariana Tinizhanay
Case Administrator
American Arbitration Association
1633 Broadway, 10th Floor
New York, NY 10019

RE:  **Beth Abrahams Family of Health Services**

**Issue : Termination of Andrew Arnold**

Case No: **1330-1444-07**

Dear Ms. Tinizhanay:

This is to advise you that the above captioned case is to be withdrawn with prejudice from arbitration. Please remove this case from the calendar and advise me in writing ten (10) days of the date of this letter that the case has been closed by you.

Very truly yours,

Daniel J. Ratner, Esq.

DJR:cs

cc:  Beth Abrahams Family of Health Services
     Allen Sherman
     Elise Laviscount (CA)
     File

**EXHIBIT 7**

**PRESIDENT**
Dennis Rivera

**SECRETARY TREASURER**
George Gresham

**EXECUTIVE VICE-PRESIDENTS**
Norma Amsterdam
Yvonne Armstrong
Marshall Blake
Maria Castaneda*
Jennifer Cunningham*
Mike Fadel*
Aida Garcia
Betty Hughley
Eustace Jarrett
Steven Kramer
Patrick Lindsay*
John Reid
Bruce Richard
Mike Rifkin
Jay Sackman

**VICE-PRESIDENTS AT LARGE**
Mark Bergen
Lenora Colbert
Patrick Gaspard
Pearl Granat
Robert Moore**
Barbara Rosenthal
Neva Shillingford
Minerva Solla
Celia Wcislo**

**VICE-PRESIDENTS**
Maryann Allen
Denise Allegretti
Jacqueline Alleyne
Peggy Bachman*
Hassan Bilal*
Coert Bonthius
Carolyn Brooks
Lisa Brown
Gerard Cadet
Donald Crosswell
Al Davidoff*
Armeta Dixon*
Angela Doyle
Enid Eckstein*
Jerry Fishbein*
Frances Gentle
Larry Ginsburg*
Brenda Hartley*
Michelle Healy*
Anne Jacobs-Moultrie
Keith Joseph
George Kennedy
Maria Kercado
Rosa Lomuscio*
Winslow Luna*
Coraminita Mahr
Dalton Mayfield
Joanne McCarthy
Joyce Neil
Gerard Nordenberg
Isaac Nortey
Elsie Otero*
Vasper Phillips
Bruce Popper
Anne Powe
Rhadames Rivera
Victor Rivera*
John Seales
Rona Shapiro
Allan Sherman
Patricia Smith
Clare Thompson
Kathy Tucker
Nelson Valdez
Laurie Vallone
Mary Whitten
Gladys Wrenick*

**GENERAL COUNSEL**
Daniel J. Ratner, Esq.

**CHIEF FINANCIAL OFFICER**
Louise Bayer

* Acting
** Acting Assistant
   Division Director

# 1199SEIU
## United Healthcare Workers East

September 4, 2007

Mr. Andrew Arnold
1964 Nereid Avenue
Bronx, New York 10466

Dear Mr. Arnold:

This letter serves as confirmation that your letter dated July 7, 2007, which was addressed to Elise Laviscount, was received on July 14, 2007.

However you have failed to reply to Ms. Laviscount's letter of May 30, 2007 informing you that you can appeal the denial of your third step grievance through the Chapter Hearing and Appeals Board.

Therefore, we have no alternative but to consider your case closed.

Sincerely,

Allan Sherman
Area Director/Vice President
AS:ec

cc:   Neva Shillingford – Assistant Division Director
      Elise Laviscount - Organizer

**NEW YORK CITY PRINCIPAL HEADQUARTERS**
310 West 43rd St.
New York, NY 10036
(212) 582-1890

**ALBANY**
155 Washington Ave.
Albany, NY 12210
(518) 396-2300

**KINGSTON**
75 Crown Street
Kingston, NY 12401
(845) 339-1900

**BALTIMORE**
611 North Eutaw Street
Baltimore, MD 21201
(410) 332-1199

**ROCHESTER**
225 W. Broad St., Ste. B
Rochester, NY 14608
(585) 244-0830

**BOSTON**
21 Fellows Street
Roxbury, MA 02119
(617) 442-4100

**SYRACUSE**
404 Oak St., Suite 120
Syracuse, NY 13217
(315) 424-1743

**BUFFALO**
974 Kenmore Ave
Buffalo, NY 14216
(716) 982-0540

**UNIONDALE**
50 Charles Lindbergh, Ste. 602
Uniondale, NY 11553
(516) 542-1115

**GOUVERNEUR**
95 E Main St., 2nd Fl.
Gouverneur, NY, 13642
(315) 287-9013

**WHITE PLAINS**
99 Church St.
White Plains, NY 10601
(914) 993-6700