```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ANDREW ARNOLD,                          :
                        Plaintiff,      :
                                        :     09 Civ. 5576 (DLC)
            -v-                         :
                                        :     MEMORANDUM OPINION
1199 SEIU,                              :          & ORDER
                        Defendant.      :
                                        :
----------------------------------------X
```

Appearances:

For Plaintiff Pro Se:
Andrew Arnold
1964 Nereid Avenue
Bronx, NY 10466

For Defendant:
Richard Dorn
Levy Ratner, P.C.
80 Eighth Avenue Floor 8
New York, NY 10011-5126

DENISE COTE, District Judge:

The above-captioned action, in which plaintiff is proceeding pro se, has been assigned to me. On or about March 26, 2009, plaintiff commenced this action by filing a complaint in the Supreme Court of the State of New York, Bronx County. Defendant 1199 SEIU was served on June 10, 2009, and removed the case to this Court on June 17, 2009, by the filing of a petition for and notice of removal. On July 1, 2009, plaintiff filed a motion to remand to state court. By order dated July 7, 2009, defendant's opposition to the motion to remand was due by July

24, and plaintiff's reply papers were due by August 7, 2009. Defendant's opposition was filed on July 23, 2009, and no reply papers have been filed by the plaintiff.

BACKGROUND

Plaintiff's complaint alleges that his employer discriminated against him on the basis of gender, and that "1199 SEIU[] fail[ed] to represent Plaintiff fairly" in connection with his grievance hearing.  The complaint further alleges that "1199 SEIU has breached its statutory duty of fair representation by the manner in which it handled [plaintiff's] grievance" (emphasis supplied), that the union failed to conduct an adequate investigation before deciding not to arbitrate plaintiff's claims, and that in taking these actions the union breached its contract.

Defendant's petition for removal states that plaintiff's claims involve interpretation of the collective bargaining agreement ("CBA") between the defendant and plaintiff's employer, and as such, plaintiff's claims are governed by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 and must be heard in federal court.  Plaintiff's motion to remand "seeks to have the six-year New York statute of limitations for breach of contract claims applied in this case."

DISCUSSION

Despite the fact that plaintiff does not refer to a federal statute by name in his complaint, the complaint alleges a violation of the defendant's "statutory duty of fair representation." The "duty of fair representation is implied from § 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a)." White v. White Rose Food, 237 F.3d 174, 179 n.3 (2d Cir. 2001). As such, plaintiff's complaint involves a federal question and was properly removed under 28 U.S.C. § 1441(a). See Morris v. Local 819, Int'l Broth. of Teamsters, 169 F.3d 782, 783 (2d Cir. 1999) ("The district court had jurisdiction over [the plaintiff's] complaint, which alleged a breach of the duty of fair representation, a claim arising under the scheme of the National Labor Relations Act.  Thus, removal was proper." (citation omitted)). The plaintiff in Morris had opposed removal in the district court, contending that he had raised state law claims that did not raise a federal question, see Morris, No. 94 CIV. 8010 (CSH), 1995 WL 293623, at *1 (S.D.N.Y. May 11, 1995), but the Second Circuit found that the complaint claimed a breach of the duty of fair representation, and therefore that the complaint involved a federal question providing the district court with original jurisdiction. Morris, 169 F.3d at 783.

Like the plaintiff in Morris, the plaintiff in this case has asserted a claim for breach of the duty of fair representation. As that claim arises under federal law, this court would have had original jurisdiction over it, and therefore plaintiff's complaint was properly removed to federal court.

CONCLUSION

Plaintiff's July 1, 2009 motion to remand this case to state court is denied. The Court will next consider the defendant's motion to dismiss and motion for summary judgment in this case. Plaintiff's opposition papers to these motions were submitted to this Court's Pro Se office on August 14, 2009. Defendant's reply papers, if any, are due by August 28, 2009.

SO ORDERED:

Dated:   New York, New York
         August 17, 2009

_____
DENISE COTE
United States District Judge

4

COPIES SENT TO:

Andrew Arnold
1964 Nereid Avenue
Bronx, NY 10466

Richard Dorn
Levy Ratner, P.C.
80 Eighth Avenue, Floor 8
New York, NY 10011